(111 So. 317)

## ALEXANDER v. STATE.    (8 Div. 486.)

(Court of Appeals of Alabama.    Feb. 1, 1927.)

**Criminal law ☞1059(1)—Exception to additional oral charge by reference held insufficient on appeal.**

Exception to additional oral charge, in prosecution for distilling intoxicating liquor and for possession of still, by reference only, is not sufficient on appeal.

Appeal from Circuit Court, Limestone County; J. E. Horton, Judge.

Fred Alexander was convicted of distilling, making, or manufacturing alcoholic or spirituous liquors and for possession of a still to be used for that purpose, and he appeals. Affirmed.

J. G. Rankin, of Athens, for appellant.

Counsel argue for error in refusal of the affirmative charge for defendant, and cite. Hobdy v. State, 20 Ala. App. 44, 100 So. 571; Cannon v. State, 17 Ala. App. 82, 81 So. 860; Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Gray v. State, 19 Ala. App. 661, 100 So. 81; Moon v. State, 19 Ala. App. 176, 95 So. 830.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  From a judgment of conviction for distilling, making, or manufacturing alcoholic or spirituous liquors, and for the possession of a still to be used for that purpose, the defendant appealed.

The several exceptions reserved to the court's rulings upon the admission of testimony are each so clearly without merit we need not discuss them.

The facts adduced upon this trial were in sharp conflict, and were for the jury. The evidence, while circumstantial, was ample upon which to predicate the verdict of the jury and to sustain the judgment of conviction.

The exception reserved to the additional oral charge of the court is without merit. Moreover, this question is not properly presented for consideration as the exception is by

---

mere reference only. The special charges refused to defendant were properly refused, and there was no error in overruling the motion for a new trial.

The judgment of conviction will stand affirmed.

Affirmed.